**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**ERNESTINE GILMORE HUGHES,**

**Plaintiff,**

v.

**CAROLYN W. COLVIN**, *Acting Commissioner of Social Security*,

**Defendant.**

**1:13-cv-2287-WSD**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [15]. The Magistrate Judge recommended that the Court affirm the Commissioner's denial of Plaintiff Ernestine Gilmore Hughes's ("Plaintiff") application for disability insurance benefits and Supplemental Security Income ("SSI").

## I.     BACKGROUND

### A.     Procedural History

Plaintiff filed applications for disability insurance benefits and SSI in January 2007.  (Tr. at 249-57 [7]).  On September 14, 2011, the Administrative Law Judge ("ALJ") held an administrative hearing, and issued a decision on November 22, 2011, denying Plaintiff's applications.  (Id. at 11-27)  Plaintiff

requested review by the Appeals Council, which denied her request in May 2013. (Id. at 1-6).[1]

On July 9, 2013, Plaintiff filed this action, seeking review, under 42 U.S.C. § 405(g), of the Social Security Commissioner's denial of Plaintiff's applications. Plaintiff seeks for the Court to grant her motion for judgment on the pleadings, that the Commissioner's decision be vacated, and that this matter be remanded with the direction that Plaintiff be found disabled, or for further administrative proceedings. Relief is required, Plaintiff claims, because the ALJ's determination was erroneous on the grounds that: 1) the ALJ's finding of Plaintiff's residual functional capacity ("RFC") did not completely and accurately account for Plaintiff's mental limitations; 2) the ALJ's assessment of Plaintiff's credibility was unsupported by substantial evidence; and 3) the vocational expert's testimony did not provide substantial evidence to support the denial of benefits.  (Pl.'s Brief at 9-15 [13]).

On June 2, 2014, the Magistrate Judge issued her R&R, finding that: 1) the ALJ sufficiently accounted for Plaintiff's mental limitations in the RFC finding; 2) the ALJ made a proper credibility finding as to Plaintiff's testimony; and 3) the

---

[1] The ALJ had an initial hearing and issued an opinion finding that Plaintiff was not disabled.  Upon review, the Appeals Council remanded her case for further review by the ALJ.  That further review included the supplemental hearing held on September 14, 2011.

vocational expert's testimony provided substantial evidence to support the ALJ's finding that Plaintiff could perform other work.

No objections to the R&R were filed.

B.    Facts

At the time of the administrative hearing, September 14, 2011, Plaintiff was 58 years old.  Plaintiff asserted an alleged onset date of disability of March 22, 2005 through February 8, 2008.[2]  Plaintiff has an eleventh grade education and previously worked as a housekeeper.

Dr. Will Whissell treated Plaintiff from 2004 until 2008.  In 2005, Dr. Whissell completed a Medical Assessment of Ability to do Work Related Activities (Mental).  (Tr. at 795-97).  In this form, Dr. Whissell indicated that Plaintiff had a "fair ability" to perform most activities, except that Plaintiff had "no useful ability" to handle work stress and or to perform complex job tasks.  (Id. at 796).  Dr. Whissell did not explain the basis for his assessment of Plaintiff.

Dr. Ellison M. Cale performed a consultative psychological evaluation of Plaintiff in August 2007.  (Id. at 526-30).  Dr. Cale concluded that Plaintiff's physical limitations and depressive symptoms would overwhelm her and would cause her to rely on others for daily activities.  (Id.).  Dr. Cale also opined that

---

[2] Plaintiff gained employment on February 8, 2008.

Plaintiff's depression caused her to be "verbally abusive towards her loved ones," and that she exhibited variable concentration issues, but could respond to short questions.  (Id. at 529).

The ALJ found Plaintiff's testimony to be credible, but inconsistent with a finding of disability.  (Id. at 21).  The ALJ found that Plaintiff did not have a listed impairment or combination of impairments during the relevant period,[3] and had the RFC to perform light work, subject to certain limitations, including that such work be simple, low stress, and with only occasional interactions with other employees, supervisors, and the public.  (Id. at 18).  The ALJ relied on the testimony of a vocational expert, who testified that a person with Plaintiff's RFC could find other work existing in large numbers in the national economy, to conclude that Plaintiff was not under a disability during the relevant period.  (Id. at 25-27, 54-56).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (2006); Williams v.

---

[3] The ALJ found that Plaintiff had the following impairments: depression, dysthymia, status post rotator cuff repair, degenerative disc disease, and status post arthroscopy of the knees.  (Tr. at 14).  None of these impairments are listed impairments.

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1).  In the absence of objections, a district judge reviews the magistrate

judge's findings and recommendations for plain error.  United States v. Slay, 714

F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

> B.   Analysis

The Magistrate Judge, after a careful and thorough review of the record,

recommended in her R&R that the Court affirm the ALJ's determination.  Because

no objections to the R&R were filed, the Court reviews the Magistrate Judge's

findings and recommendations for plain error.  Slay, 714 F.2d at 1095.

In determining whether an applicant suffers a "disability" for purposes of

benefits under the Social Security Act, the Commissioner, through an ALJ,

performs the five-step evaluation prescribed in 20 C.F.R. § 404.1520.  The five

steps involve the following determinations:

> 1.  whether the applicant is performing substantial gainful activity;
>
> 2.  whether the applicant has a severe impairment;

3. whether the applicant's severe impairment meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4. whether the applicant is capable of performing any past relevant work; and

5. whether, based on the applicant's age, education, and work experience, the applicant is capable of performing other work of the sort found in the national economy.

Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

At the third step, if the applicant meets the definition of any listed impairment, the applicant is automatically deemed disabled, obviating the need for the fourth and fifth steps. See 20 C.F.R. § 404.1520(d). If the applicant does not meet the definition of any listed impairment, the ALJ must proceed to the fourth and fifth steps and assess the applicant's residual functioning capacity, defined as the applicant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. § 416.945(a)(4), (b)-(d); Phillips, 357 F.3d at 1238. The ALJ found that Plaintiff did not meet the definition of any listed impairment, and Plaintiff did not contest this finding.

Plaintiff made three arguments for why the ALJ's decision denying her application for disability insurance benefits and SSI should be reversed.

a)   *The Residual Functional Capacity Finding Does Not Completely and Accurately Describe Plaintiff's Mental Limitations*

Plaintiff argued that the evidence submitted by both Dr. Cale and Dr. Whissell established that Plaintiff had very limited mental RFC, and the ALJ's finding that Plaintiff retained sufficient RFC to perform light work with occasional interaction with employees, supervisors, and the public was not supported by the evidence.

The Magistrate Judge found that substantial evidence supported the ALJ's assessment of Plaintiff's RFC.  Dr. Cale did not provide any specific functional limitations and, while finding that Plaintiff exhibited variable concentration issues, opined that Plaintiff could respond when short questions were posed to her.

Dr. Whissell indicated that Plaintiff had a "fair ability" to perform most activities, except that Plaintiff had "no useful ability" to handle work stress and or to perform complex job tasks.  (Tr. at 796).  The form defines "fair" as "ability to function in this area is seriously limited."  (Id. at 795).  The ALJ accepted all of Dr. Whissell's opinions except where Dr. Whissell opined that Plaintiff was completely unable to deal with work stress.  The ALJ stated that this opinion was

inconsistent with Dr. Whissell's own treatment notes and Plaintiff's activities

during the relevant period, which included seasonal work, and Plaintiff's testimony

that she could have continued to work full time and did work full time if able sit

down.  (Id. at 23-24, 45).[4]  As Dr. Whissell's opinion was inconsistent with his

own medical records and with Plaintiff's testimony, the ALJ was not required to

give it considerable weight.  See Phillips, 357 F.3d at 1240-41.

Plaintiff argued that the ALJ, in determining Plaintiff's RFC, did not

properly take into account that, by adopting Dr. Whissell's assessment that

Plaintiff's abilities rated as "fair," the ALJ had accepted that Plaintiff had a

"seriously limited ability to function."  (Pl.'s Brief at 12).  A rating of "fair,"

however, does not preclude that Plaintiff is able to perform in the rated areas.  See

Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000) ("A physician's use of the

term "fair" does not, on its own, declare that the claimant cannot return to past

work.").  The Magistrate Judge found that the ALJ, in reliance on the overall

record, including Dr. Cale and Dr. Whissell's opinions and the mental RFC

assessments provided by state agency physiological consultants, had substantial

---

[4] The R&R noted that, from 2006 to 2008, Plaintiff cared for her boyfriend, who
had cancer, and continued to look for a job as a housekeeper, as she believed she
could continue to perform work in that field.  (R&R at 7).

evidence to support the RFC assessment.  The Court finds no plain error in these findings.  Slay, 714 F.2d at 1095.

b)   *The ALJ's Credibility Assessment is Unsupported by Substantial Evidence*

Plaintiff argued that ALJ's credibility assessment was unsupported by substantial evidence.  The ALJ, aside from noting that the Plaintiff's statements about the intensity, persistence, and limiting effect of her symptoms are not credible to the extent that they are inconsistent with the RFC assessment, concluded that Plaintiff was "very credible; however, her testimony was not consistent with disability."  (Tr. at 21).  The ALJ explained in detail the evidence, especially Plaintiff's testimony, which demonstrated Plaintiff's ability to work during the relevant period.  The Magistrate Judge noted that Plaintiff failed to identify any portion of her testimony that was improperly deemed non-credible by the ALJ, and concluded that Plaintiff's argument was without merit.  The Court finds no plain error in the Magistrate Judge's findings.  Slay, 714 F.2d at 1095.

c)   *The Vocational Expert Testimony Cannot Provide Substantial Evidence in Support of Denial*

Plaintiff argued that the vocational expert's testimony could not constitute substantial evidence, as the ALJ did not pose a hypothetical question which

included all of Plaintiff's impairments, including her mental impairments.  (Pl.'s Brief at 15).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments."  Wilson v. Barnhart, 284 F.3d 1219, 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).  If an ALJ relies on hypotheticals to a vocational expert that fail to include all of the applicant's impairments, the ALJ's decision is not supported by substantial evidence and remand is appropriate.  Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1220 (11th Cir. 2001); Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam).

The vocational expert, relying upon the ALJ's RFC assessment, testified that jobs existed for individuals of Plaintiff's age, education, and work history.  The Magistrate Judge found that the ALJ's RFC assessment sufficiently accounted for Plaintiff's impairments, including her mental limitations.  Accordingly, the ALJ was entitled to rely upon the vocational expert's testimony.  The Court finds no plain error in the Magistrate Judge's findings.  Slay, 714 F.2d at 1095.

## III.   CONCLUSION

Having reviewed the Magistrate Judge's R&R, the Court finds no plain error in any of the Magistrate Judge's findings and recommendations.  Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and SSI is **AFFIRMED.**

**SO ORDERED** this 14th day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE